## TABE HUNGATE ET AL.
### v.
## THE PEOPLE OF THE STATE OF ILLINOIS.

1. INDICTMENT FOR ASSAULT WITH INTENT TO MURDER.—An indictment for an assault with an intent to commit murder is fatally defective if it fails to charge that the assault was committed with malice aforethought.

2. CANNOT BE TRIED FOR ANOTHER OFFENSE.—Under an indictment for an assault with intent to murder, it is error to place the defendant on trial for an assault with intent to do bodily injury.

ERROR to the Circuit Court of Franklin county; the Hon. D. M. BROWNING, Judge, presiding. Opinion filed August 13, 1880.

Mr. W. H. WILLIAMS and Mr. F. M. YOUNGBLOOD, for plaintiffs in error; that an indictment for assault with intent to murder must charge it to have been made with malice aforethought, cited Nixon v. The People, 2 Scam. 267; Curtis v. The People, Breese, 256; Conoley v. The People, 3 Scam. 474; Perry v. People, 14 Ill. 496; Baker v. The People, 49 Ill. 308.

The verdict cannot be sustained under the indictment: Carpenter v. The People, 4 Scam. 197; Beckwith v. The People, 26 Ill. 500.

Mr. W. J. N. MOYERS, for defendant in error.

CASEY, J. The defendants were charged in the Franklin County Circuit Court with an assault with an intent to commit murder. A motion to quash the indictment was interposed in the circuit court, which motion was overruled and exceptions taken to the ruling of the court. The indictment was fatally defective in this—it failed to charge that the assault was committed with malice aforethought. The motion to quash should have been allowed. Wharton's Criminal Law, 3 Ed. 552; Conoley v. The People, 3 Scam. 474; Nixon v. The People, 2 Scam. 267.

It seems from the record that the defendants, against their protest, were placed on trial for an assault with intent to do a bodily injury. If such a practice could prevail, the indictment was still more defective as charging an assault with intent to do a bodily injury. There was an entire failure to describe the latter offense in the words of the statute, or so plainly that the nature of the offense might be easily understood by the jury. The judgment of the circuit court is reversed, and the case remanded.

Reversed and remanded.